UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
LEXINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>V.<br><br>DAMETRIUS LATRONE DRAKE,<br><br>    Defendant. | CRIMINAL ACTION NO. 5:15-68-KKC<br><br><br>**OPINION AND ORDER** |

\*\*\* \*\*\* \*\*\*

This matter is before the Court on Defendant's motion for compassionate release. Defendant Dametrius LaTrone Drake was sentenced on October 26, 2016 to 66 months imprisonment and three years of supervised release. (DE 49.) On May 14, 2020, he filed a motion for immediate release from custody pursuant to 18 U.S.C. § 3582(c), styled as a motion for reconsideration of the Court's order (DE 63) denying his two previous § 3582(c) motions. (DE 64.)

Prior to the First Step Act, PL 115-391, 132 Stat 5194 (Dec. 21, 2018), a motion for "compassionate release" could only be brought by the director of the Bureau of Prisons, not a defendant. *See* 18 U.S.C. § 3582(c)(1)(A) (2017). The First Step Act amended § 3582(c)(1)(A) to allow a defendant to file a motion for such relief on his own, but only if he has first "fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf" or if 30 days have lapsed since the warden of the defendant's facility received the defendant's request to file a motion on his behalf, whichever is earlier. 18 U.S.C. § 3582(c)(1)(A); PL 115-391, 132 Stat 5194 § 603 (Dec. 21, 2018).

1

According to Defendant's motion, on March 31, 2020, he filed a request with the warden of his facility that he be released from custody due to his concerns about contracting the disease caused by the novel coronavirus, COVID-19, to which the warden never responded. (DE 64-2; DE 64 at 12.) Even assuming that Defendant has satisfied § 3582(c)'s exhaustion requirement, Defendant's motion fails on its merits. § 3582(c)(1)(A) requires that the Court find that "extraordinary and compelling reasons warrant" a modification to a defendant's sentence, and that "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." The Sentencing Commission has issued a policy statement that, in the relevant part, allows a court to grant compassionate release or a sentence reduction only where, "(1) extraordinary or compelling reasons warrant a reduction in a defendant's sentence, (2) the defendant is not a danger to the safety of others or the community, and (3) release from custody complies with § 3553(a) factors." *United States v. Lake*, 5:16-076-DCR, 2019 WL 4143293, at *2 (E.D. Ky. Aug. 30, 2019) (citing U.S.S.G. § 1B1.13 (2018)).

In support of his argument that he should be released from custody, Defendant reports that he has asthma and high blood pressure. (DE 64 at 6.) Simply put, even in the context of the ongoing public health crisis, Defendant has failed to establish that "extraordinary or compelling reasons warrant" his release from custody. While the medical condition of a defendant may in certain circumstances establish the requisite "extraordinary and compelling reasons," Defendant has not shown that he "is suffering from a terminal illness (*i.e.*, a serious and advanced illness with an end of life trajectory)" or "is suffering from a serious physical or medical condition,… serious functional or cognitive impairment, or experiencing deteriorating physical or mental health because of the aging process, that substantially diminishes [his] ability… to provide self-care within the environment of a

2

correctional facility and from which he… is not expected to recover." U.S.S.G. §1B1.13, comment. (n.1) (2018).[1]

Accordingly, the Court hereby ORDERS that Defendant's motion for compassionate release (DE 64) is DENIED.

Dated May 15, 2020

KAREN K. CALDWELL
UNITED STATES DISTRICT JUDGE
EASTERN DISTRICT OF KENTUCKY

---

[1] "28 U.S.C. § 994 authorizes the United States Sentencing Commission to define 'extraordinary and compelling reasons.'" *Lake*, 2019 WL 4143293, at *2 (citation and internal quotation marks omitted).